IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **BOURNE HUDDLESTON**,<br><br>        Petitioner,<br><br>     v.<br><br>**BRAD CAIN**,<br>Superintendent, Snake River Correctional Institution<br><br>        Respondent. | Case No. 2:18-cv-774-JR<br><br>**ORDER** |

**Michael H. Simon, District Judge.**

      United States Magistrate Judge Jolie A. Russo issued Findings and Recommendation (F&R) in this case on September 30, 2022, recommending that the Court deny Petitioner's Amended Petition for Writ of Habeas Corpus and decline to issue a certificate of appealability. ECF 84. Under the Federal Magistrates Act (Act), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

      For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to

require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review de novo magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although absent objections no review is required, the Act "does not preclude further review by the district judge[] sua sponte . . . under a de novo or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

    Petitioner Huddleston timely filed an objection to the F&R. ECF 89. Petitioner contends that he was denied effective assistance of counsel when his attorney failed to ensure that his waiver of collateral remedies, contained in his plea agreement, was knowing, intelligent, and voluntary. He also claims ineffective assistance of counsel because his trial attorney failed to intervene when the prosecutor negotiated directly with Huddleston and through a third-party, and failed to stop the prosecutor from coercing him into accepting a settlement by plea. Petitioner's position is that his no contest plea and waiver were effectively coerced.

    Petitioner first objects to the F&R's conclusion that the decision of the state post-conviction relief (PCR) court is entitled to deference, on the grounds that the PCR court conducted only a due process analysis, finding that Petitioner's waiver was knowing, intelligent, and voluntary. Petitioner argues that the PCR court's decision failed to address his Sixth Amendment claim of ineffective assistance of counsel because the decision lacked a genuine inquiry into trial counsel's actions and advice outside of, and before, Huddleston's in-court plea colloquy and the associated plea and waiver documents. The Court agrees with Judge Russo's finding that contrary to Petitioner's argument, the state PCR court adjudicated Petitioner's

ineffective assistance claim on the merits. Thus, § 2254(d) deference applies. The Court thus adopts this portion of the F&R.

In his second objection, Petitioner argues that he is entitled to an evidentiary hearing on the merits of his claims. The F&R concluded that Petitioner is not entitled to an evidentiary hearing because Petitioner was afforded a full and fair opportunity to develop and present evidence in state court during the summary judgment proceedings but was not diligent in pursuing his claim. Petitioner disputes that he did not pursue his ineffective assistance of counsel claim diligently but offers no explanation for why he was not able to offer a declaration or provide other evidence in support of his claim. Thus, the Court adopts this portion of the F&R.

Lastly, Mr. Huddleston objects to the finding and recommendation that the Court should decline to issue a certificate of appealability. The Court has considered this objection *de novo* and adopts this portion of the F&R. For those portions of the F&R to which neither party has objected, this Court follows the recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record. No such error is apparent, and the Court adopts those portions of the F&R.

## CONCLUSION

The Court ADOPTS the Findings and Recommendation, ECF 84. The Court DENIES Petitioner's Amended Petition for Writ of Habeas Corpus, ECF 8. The Court declines to issue a Certificate of Appealability because Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

DATED this 7th day of December, 2022.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge